No. 84-392

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

MARLENE J. SALWAY and PATRICIA ROESCH,

Plaintiffs and Appellants.

-vs-

DR. MORTON ARKAVA, Social Work Dept.,
University of Montana; DR. ROBERT
DEATON, Director, Continuing Education,
Social Work Dept., UNIVERSITY OF
MONTANA,

Defendants and Respondents.

_____

APPEAL FROM:  District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable James B. Wheelis, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Meloy Law Firm; Peter M. Meloy, Helena, Montana


For Respondent:

LeRoy H. Schramm, University Systems, Helena, Montana


_____

Submitted on Briefs:  Jan. 10, 1985

Decided:  February 21, 1985


Filed: FEB 1985

_Ethel M. Harrison_
_____
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Patricia Roesch brings this appeal from an order of the District Court, Fourth Judicial District, Missoula County. The order denied appellant's motion under Rule 60, M.R.Civ.P. to set aside a previous judgment against her in Missoula County.

Appellant and her coplaintiff, Marlene Salway, brought an action against the respondents herein alleging that they were wrongfully denied renewal of contracts with the University of Montana Social Work Department. Plaintiffs alleged that they experienced harassment and intimidation based on sex or race that culminated in defendant's failure to renew their teaching contracts. The case was tried to the court and judgment was rendered on December 23, 1982. Plaintiff Salway prevailed, but Ms. Roesch was denied relief. Marlene Salway secured a judgment from the defendants based on race discrimination. She is not a party to this motion.

In denying relief to Ms. Roesch, the court made the following findings:

"FINDINGS OF FACT

"19. In September 1977, the defendants hired the plaintiff Patricia Roesch as a faculty member in the Social Work Department and she continued to work for the defendants on a yearly contract basis until her 1978-1979 contract expired.

"20. The defendant terminated Ms. Roesch in 1979 because there were not enough funds in 1979 to retain all the faculty members, and Ms. Roesch had been the last hired.

"21. After the defendants terminated Ms. Roesch, they did not hire a replacement for her vacated position.

"22. The plaintiffs in late 1978 or early 1979 filed complaints with Lynda Brown, the defendant's Equal Employment Opportunity Officer, in which they

- 2 -

alleged sexual discrimination in the Social Work Department.

"24. The defendants did not retaliate, discharge or discriminate against the plaintiffs because they filed a complaint with Lynda Brown.

"25. The defendants did not discriminate against Ms. Salway or Ms. Roesch because of their sex in terminating their employment or refusing to grant tenure.

"26. The defendants did comply with the requirements of M.C.A. § 49-3-201 (1979) and they did not, during the period of the plaintiffs' employment, 'underutilize minority group persons.'

"CONCLUSIONS OF LAW

"8. The defendants did not unlawfully discriminate against the plaintiff Patricia Roesch on the basis of sex. The plaintiff Roesch has failed to make a prima facie case for unlawful employment discrimination based on disparate treatment. Specifically, Ms. Roesch failed to prove the position for which she applied remained open or was filled with a non-protected class employee after the defendants terminated her. The preponderance of the credible evidence established that Ms. Roesch was not retained because the defendants could not fund the position. The defendants were within their rights to terminate Ms. Roesch, a non-tenured faculty member, without cause if they did so for non-discriminatory reasons. Board of Trustees of Billings v. State (1979), ___ Mont. ___, 664 P.2d 770.

"9. The defendants did not unlawfully discriminate against the plaintiff Patricia Roesch because she had sought the assistance of Lynda Brown, the EEO officer for the defendants, in dealing with what she perceived as unfair treatment by the defendants; the plaintiff had complained to Lynda Brown about sex discrimination in the department. Applying the Strong test set out in Conclusion of Law No. 4 to Ms. Roesch's allegations, this court must conclude that the preponderance of the credible evidence establishes that the defendants terminated Ms. Roesch because they were unable to fund her position and not because she complained to Lynda Brown."

Appellant contends the adverse findings of the District Court were based on the fact that the University established in court that it lacked funds to continue her position. Dr. Arkava, head of the Social Work Department at the University and respondent herein, testified at trial that there were no

- 3 -

funds available to renew Ms. Roesch's contract. He is also personally named as a defendant in this case and allegedly responsible for the discrimination.

On February 2, 1984, the United States Department of Justice filed a criminal information charging that Dr. Arkava misused federal funds granted to the University. Dr. Arkava was accused of funneling grant monies into his own pocket. Arkava pled guilty to the charges. It is undisputed that the amount of money diverted by Dr. Arkava during the time appellant was out of work, from 1979 to 1982, far exceeded appellant's salary.

After Dr. Arkava pled guilty to the criminal information, Roesch filed a motion under Rule 60, M.R.Civ.P to vacate the judgment against her in this case.

The District Court denied the motion stating that the time to file a Rule 60(b)(3) motion had passed; that the fraud alleged by appellant was intrinsic fraud consisting of false testimony so the motion must be denied under the authority of Pilati v. Pilati (1979), 181 Mont. 182, 592 P.2d 1374. This appeal followed.

Appellant contends that respondents were able to interpose the lack of funds defense and defeat her claim of discrimination only because of the fraudulent conduct and misrepresentations at trial of Dr. Arkava who was an agent of the University of Montana. Appellant states that because Dr. Arkava had misappropriated department money that could have been used to fund her position there was no legitimate financial reason for not renewing her contract. The testimony at trial that funds were not available was false or at least misleading since Dr. Arkava continued to divert funds after appellant's contract lapsed. Appellant contends

the fraud perpetrated by the respondents in this case whether denominated as intrinsic or extrinsic fraud is sufficient to set aside the judgment. We disagree.

The original judgment was entered on December 23, 1982; service of notice of entry of judgment was made on December 27, 1982. A party is allowed only 60 days after service of notice of entry of judgment to file a motion for relief from judgment under Rules 60(b)(1), b(2), or b(3) M.R.Civ.P. Rule 60(b)(2) covers evidence that could not have been discovered in time to move for a new trial under Rule 59(b) and Rule 60(b)(3) provides for relief from a final judgment based on fraud, (whether heretofore denominated intrinsic or extrinsic) misrepresentation, or other misconduct of an adverse party. These grounds for relief might apply to the instant case but are time-barred because Roesch's motion was not filed until March 22, 1984, more than a year after judgment.

Rule 60(b), M.R.Civ.P. contains a residual clause which provides:

> ". . . This rule does not limit the power of a court to entertain an independent action to relieve a party from judgment, order, or proceeding, or to grant relief to a defendant, not actually personally notified as may be required by law, or to set aside a judgment for fraud upon the court."

There is no time limitation imposed under the Rule on a motion for relief under the residual clause. The residual clause recognizes the inherent power of a court of equity to set aside its judgments. This power predates the Rules of Civil Procedure. We construe a motion brought under the residual clause of Rule 60(b) to be an independent action within the meaning of the Rule and the district courts may consider the substantive grounds contained in such a motion

without requiring a separate action to be filed. Other grounds for modification of a judgment available under Rule 60 could then be joined in the same motion. Such a practice would simplify the procedure for obtaining relief under Rule 60 and would be consistent with the mandate of Rule 1, M.R.Civ.P. which states that these rules shall be construed to secure the just, speedy, and inexpensive determination of every action.

The residual clause of Rule 60 by its terms sets forth three separate avenues to obtain relief from judgment. Courts of general jurisdiction have from the beginning possessed the power to entertain equitable actions to set aside judgments. Perhaps the chief, although certainly not the exclusive, basis for the independent action is fraud; though there is some authority that intrinsic fraud will support such an action the general view is that fraud must be extrinsic. See 7 Moore's Federal Practice § 60.33, 60-350. Montana has typically adhered to the general rule. Lance v. Lance (1981), 195 Mont. 176, 635 P.2d 571; Miller v. Miller (Mont. 1980), 616 P.2d 313, 37 St.Rep. 1523; Selway v. Burns (1967), 150 Mont 1, 429 P.2d 640; Minter v. Minter (1936), 103 Mont. 219, 62 P.2d 233.

Extrinsic fraud is collateral to the matters tried by the court, and not to fraud in the matters on which the judgment was rendered. Hall v. Hall (1924), 70 Mont. 460, 467, 226 P. 469, 471. Pilati, 181 Mont. at 188, 592 P.2d at 1377. Extrinsic fraud has also been defined as some intentional act or conduct by which the prevailing party has prevented the unsuccessful party from having a fair submission of the controversy. Pilati, 181 Mont. at 193, 592 P.2d at 1380. We think the above criteria are proper

guidelines to follow in determining whether an equitable action under Rule 60 to set aside a judgment, proceeding or order will lie.

Fraud contemplated in the residual clause is a narrower species of fraud than the type of fraud referred to in Rule 60b(3). To hold that the type of fraud denominated in the residual clause of Rule 60(b) is equivalent to that envisioned by subsection b(3) would render the time limitations imposed in Rule 60 meaningless.

The second ground for relief under the residual clause arises when the defendant has not been personally notified as may be required by law. This basis for relief is not relevant to the case at bar.

A third and separate ground for relief under the residual clause is the power of a court to set aside a judgment for fraud upon the court. The power of the court to set aside a judgment on the basis of fraud upon the court is inherent and independent of statute, and the timeliness of the proceedings to set aside a prior judgment as obtained is not subject to the 60-day time limitation in Rule 60(b), M.R.Civ.P., but must ultimately depend upon equitable principles and the sound discretion of the Court. Pilati, 181 Mont. at 190-91, 592 P.2d at 1379 quoting In Re Bad Yellow Hair (1973), 162 Mont. 107, 111, 509 P.2d 9, 12.

Fraud upon the court should, we believe, embrace only that species of fraud which does or attempts to subvert the integrity of the court itself, or is fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner in its impartial task of adjudicating cases that are presented for adjudication. Relief should be denied in the absence of such conduct.  7

Moore's Federal Practice, § 60.33 at 60-360; See Kerwit Medical Products, Inc. v. N & H Instrument, Inc. (5th Cir. 1980), 616 F.2d 833. Fraud which attempts to defile the court has been construed to include only the most egregious conduct, such as bribery of a judge or member of the jury; the fabrication of evidence in which an attorney has been implicated; or the employment of counsel to influence the court. Hazel Atlas Glass Co. v. Hartford Empire Co. (1944), 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed 1250; Rozier v. Ford Motor Co. (5th Cir. 1978), 573 F.2d 1332; Moore's, at 60-357. Fraud inter parties without more is not fraud upon the court and should be left to a motion under Rule 60b(3) or to the independent action. Moore's, at 60-361.

The overwhelming majority of courts including Montana hold that perjury at trial does not constitute fraud upon the court. See Lance v. Lance (1981), 195 Mont. 176, 635 P.2d 571; Serzysko v. Chase Manhattan Bank (2d Cir. 1972), 461 F.2d 699 cert.denied (1972), 409 U.S. 883, 93 S.Ct. 173, 34 L.Ed.2d 139. Perjury is intrinsic fraud upon a party, not fraud upon the court.

In this case appellant alleges two instances of fraud. First, there are the fraudulent activities of Dr. Arkava which deprived the Social Work Department and the University of substantial funds. Second, there is the in-court testimony by Dr. Arkava that led the court to believe there were no funds available.

The first instance of fraud does not constitute fraud upon the court. It was not aimed at subverting the integrity of the trial court or interfering with the judicial machinery.

Illegally appropriating the grant money was an activity extrinsic or collateral to the court proceedings involving Ms. Roesch. Extrinsic fraud, however, must directly and materially affect the outcome of the case. The fraud practiced by Dr. Arkava is too remote to plaintiff's cause of action. The fraud practiced by Dr. Arkava affected the funds available to the Department of Social Work but it did not directly affect the appellant's cause of action which was predicated on discrimination and retaliation. Any employee in appellant's postion, the contracting employee with the least amount of tenure, would not have been retained regardless of sex. A teacher who was not a member of a "suspect class" would have likewise been terminated. We find it significant that the appellant's teaching contract was not awarded to anyone else. The fraudulent activity practiced by Dr. Arkava in misappropriating government funds, although reprehensible, is not the type of fraud that furnishes grounds on which to vacate the judgment in this case.

We have stated before that false statements made during the course of trial do not constitute sufficient grounds to vacate a judgment under the residual clause in Rule 60(b), M.R.Civ.P. In the Marriage of Woolsey (Mont. 1984), ___ P.2d ___, 41 St.Rep. 2349, we reiterated our statement in Lance v. Lance (1981), 195 Mont. 176, 635 P.2d 571:

> "Intrinsic fraud upon the court, that is representatious or concealments made during court proceedings assuming they are false or fraudulent are nevertheless not grounds for reopening a decree of judgment."

We find that the allegations of fraud relied upon by appellant fall short of what is legally required to vacate a final judgment.

Affirmed.

_____
                      Justice

We Concur:

_____
        Chief Justice

_____

_____

_____
          Justices

- 10 -