No. 90-475

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

IN RE THE MARRIAGE OF

GERALD RICHARD DZIVI,

      Petitioner and Appellant,

  and

BEVERLY J. DZIVI,

      Respondent and Respondent.

FILED

FEB -5 1991

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas M. McKittrick, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

      Dirk Larsen; Larsen & Neill; Great Falls, Montana

      For Respondent:

      C.W. Leaphart, Jr.; The Leaphart Law Firm; Helena,
Montana


Submitted on Briefs:   December 13, 1990

Decided:   February 5, 1991

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Petitioner, Gerald Richard Dzivi (Mr. Dzivi), initiated dissolution proceedings against respondent, Beverly J. Dzivi (Mrs. Dzivi), in District Court for the Eighth Judicial District, Cascade County. The District Court entered its Findings of Fact, Conclusions of Law and Decree dated June 1st, 1990. Mr. Dzivi appeals. We affirm.

The issues are:

1. Did the District Court abuse its discretion when it ordered Mr. Dzivi to pay Mrs. Dzivi the sum of $75,000.00 plus interest in lieu of a specific property division?

2. Did the District Court abuse its discretion when it ordered Mr. Dzivi to pay Mrs. Dzivi $1000.00 per month for maintenance?

3. Did the District Court abuse its discretion when it ordered Mr. Dzivi to pay Mrs. Dzivi $5000.00 for her attorney's fees?

The parties were married for thirty-seven years. Mr. Dzivi is a practicing attorney and actively involved in various business ventures in Montana. Mrs. Dzivi works part time for a travel agency. The children of the marriage are all adults and the only issues before the District Court are division of the marital estate and maintenance. Both Mr. Dzivi's and Mrs. Dzivi's incomes have been recently reduced due to health problems of both parties.

I

Did the District Court abuse its discretion when it ordered Mr. Dzivi to pay Mrs. Dzivi the sum of $75,000.00 plus interest in

2

lieu of a specific property division?

The District Court found that the net worth of the marital estate was $149,000.00. It also found that liquidating the estate would not be in the best interests of the parties. Therefore the Court ordered Mr. Dzivi to pay Mrs. Dzivi half the value in the sum of $75,000.00 plus interest over an eight year period. Mr. Dzivi claims that the values assigned by the District Court to various items which comprise the marital estate are not supported by credible evidence. Mr. Dzivi asserts that if the District Court had accepted the values he placed upon the various items that the marital estate would have a negative net worth rather than the $149,000.00 net worth found by the Court.

The standard of review in a distribution case is that where the District Court based its distribution of marital assets on substantial credible evidence, it will not be overturned absent a clear abuse of discretion. Marriage of Johns (1989), 238 Mont. 256, 258, 776 P.2d 839, 840. In valuing property, the court is not bound by the opinion of a particular party or expert; rather, the court remains free, in its discretion, to adopt any reasonable valuation of property that is supported by the record. Marriage of Luisi (1988), 232 Mont. 243, 247, 756 P.2d 456, 459. In this case there is sufficient evidence in the record to support the values used by the District Court. The District Court did not abuse its discretion when it ordered Mr. Dzivi to pay Mrs. Dzivi the sum of $75,000.00 plus interest in lieu of a specific property

3

division.

II

Did the District Court abuse its discretion when it ordered Mr. Dzivi to pay Mrs. Dzivi $1000.00 per month for maintenance?

Section 40-4-203, MCA, provides that the court may grant maintenance for either spouse if that spouse lacks sufficient property to provide for his reasonable needs and is unable to support himself through appropriate employment. In this case the court found that Mrs. Dzivi lacks sufficient property to provide for her needs. The court also found that Mrs. Dzivi suffers from rheumatoid arthritis, a degenerative disease which affects her ability to perform physical work and which will continue to worsen. The court determined that Mr. Dzivi's health was good with the exception of temporary despondency relative to the stress of the divorce proceedings. The court found that Mr. Dzivi was at an age where his law practice could be at its peak income-producing level should he devote his time to it, and that Mr. Dzivi has shown a remarkable ability to earn income, creatively manage assets, accounts receivable and use tax laws to his advantage. Mr. Dzivi has all the assets of the marriage and his ability to earn income, while Mrs. Dzivi only has a net income of $400-425 per month. Mrs. Dzivi's health will create a significant disability with time, thus reducing her income ability even further. These facts satisfy the conditions required under § 40-4-203, MCA. The court did not abuse

4

its discretion when it ordered Mr. Dzivi to pay Mrs. Dzivi $1000.00 per month in maintenance until she turns 65 or remarries.

## III

Did the District Court abuse its discretion when it ordered Mr. Dzivi to pay Mrs. Dzivi $5000.00 for her attorney's fees?

Section 40-4-110, MCA, provides that the court, after considering the financial resources of both parties, may order a party to pay a reasonable amount for costs and attorney's fees. The District Court was well aware of the parties' financial situations and did not abuse its discretion in awarding Mrs. Dzivi reasonable attorney's fees.

Affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

5