No. 90-178

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991


ALVIN F. FILLER; JOAN M. FILLER;
CYNTHIA HEISLER; RITA OAKLAND;
KEVIN F. FILLER; CLINTON A. FILLER;
and KATHLEEN A. FILLER,
                    Plaintiffs and Appellants,

        -v-

RICHLAND COUNTY, MONTANA, a quasi
municipal corporation, the unknown
heirs and devisees, if any, of each
of the said defendants herein above
named; and all other persons, known
or claiming or who might claim any
right, title, estate or interest in,
or lien or encumbrance upon, the real
property described in the complaint, or
any part thereof adverse to the ownership
of the plaintiffs, or cloud upon the title
to the plaintiff, whether such claim or
possible claim be present or contingent,
including, any claim or possible claim of
dower, inchoate, or accrued,
                    Defendants and Respondents.



APPEAL FROM:    District Court of the Seventh Judicial District,
                In and for the County of Richland,
                The Honorable H.R. Obert, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        Loren J. O'Toole; O'Toole & O'Toole; Plentywood,
        Montana

        For Respondent:

        Mike Weber, Richland County Attorney, Sidney,
        Montana

FILED

FEB 19 1991

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted:    January 21, 1991

Decided:    February 19, 1991

_____
                Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

The plaintiffs (Fillers), brought this action in the Seventh Judicial District, Richland County, seeking to quiet title to the oil, gas and other mineral interests in and under real property known as NW¼ SW¼ of Section 25; SE¼ NE¼, NE¼ NE¼, NE¼ SE¼ of Section 26 in Township 26 North, Range 59 East, Richland County, Montana. Richland County claims to own a 6¼% royalty interest in the oil, gas, and other minerals. The District Court granted summary judgment in favor of Richland County. Fillers appeal. We reverse and order summary judgment be entered in favor of the plaintiffs.

The issues we find determinative are:

1. Can Richland County obtain relief from a 1937 Quiet Title Decree under Rule 60(b), M.R.Civ.P., for fraud?

2. Is Richland County barred by the doctrine of laches from asserting its claim that the County's reservation is still valid?

3. Is Richland County prevented from relitigating its reservation claim under the doctrine of res judicata?

The real property in this action was acquired by Richland County under a tax deed issued for non-payment of taxes on January 7, 1937. Richland County sold the property to Delaney on March 1, 1937, reserving 6¼% of "all minerals contained in and hereafter mined, produced, extracted or otherwise taken" from the property. Approximately one month later Delaney filed a quiet title action, naming Richland County as one of the defendants. Default judgment was entered against Richland County. The Decree does not in any

2

way recognize Richland County's reservation.

In 1943 Emanuel Filler acquired the property from Delaney, and in 1950 he received and recorded a warranty deed from Delaney. The deed contains no references to mineral or royalty reservations. The plaintiffs in this action acquired the property from their father and grandfather Emanuel Filler. Oil has been produced from the property and royalty payment has been suspended due to Richland County's claim.

Fillers filed their complaint on October 5, 1988 to quiet title in the property as against Richland County's reservation contained in the 1937 deed from Richland County to Delaney. Both parties filed motions for summary judgment. On March 9, 1990, the District Court granted Richland County's motion and denied Fillers' motion.

I

Can Richland County obtain relief from a 1937 Quiet Title Decree under Rule 60(b), M.R.Civ.P., for fraud?

The residual clause of Rule 60 (b), M.R.Civ.P., recognizes the power of a court to entertain an independent action to set aside a judgment for fraud upon the court. The power of the court to set aside a judgment on the basis of fraud upon the court is inherent and independent of statute, and the timeliness of the proceedings to set aside a prior judgment as obtained is not subject to the 60-day time limit in Rule 60(b), M.R.Civ.P., but must ultimately depend upon equitable principles and the sound discretion of the court. Salway v. Arkava (1985), 215 Mont. 135, 141, 695 P.2d 1302,

3

1306. Montana adheres to the general rule that the fraud must be extrinsic, as opposed to intrinsic, to support an independent action for fraud under the residual clause of Rule 60(b). Salway, 215 Mont. at 140, 695 P.2d at 1305.

Extrinsic fraud is some intentional act or conduct by which the prevailing party has prevented the unsuccessful party from having a fair submission of the controversy. Salway, 215 Mont. at 140, 695 P.2d at 1306. Fraud upon the court embraces only that species of fraud which does or attempts to subvert the integrity of the court itself, or is fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner in its impartial task of adjudicating cases that are presented for adjudication. Salway, 215 Mont. at 141, 695 P.2d at 1306. Such fraud has been construed to include only the most egregious conduct, such as bribery of a judge or member of the jury; the fabrication of evidence in which an attorney has been implicated; or the employment of counsel to influence the court. Salway, 215 Mont. at 141, 695 P.2d. at 1306. Richland County argues that Delaney and his attorney subverted the County's interest in the 1937 case which amounts to extrinsic fraud upon the court. Delaney's attorney was also the Richland County Attorney at the time. No appearance was made for Richland County, and default judgment was entered against the County.

Richland County cites 7 Am.Jur.2d, p. 240, § 188, that an attorney cannot represent both governmental body and a private citizen even with full disclosure. Richland County argues that

4

because the County Attorney violated this rule, Richland County was prevented from appearing and presenting its side fully and fairly which amounted to extrinsic fraud.

Richland County has failed to produce facts that would substantiate its theory that Delaney and the County Attorney acted to subvert the County's interest by preventing the County from appearing and presenting its case in the 1937 hearing. Therefore Richland County has failed to prove fraud under Rule 60(b) which would warrant a setting aside of the 1937 Decree.

II

Is Richland County barred by the doctrine of laches from asserting its claim that the County's reservation is still valid?

Section 1-3-218, MCA, states that "[t]he law helps the vigilant before those who sleep on their rights." Laches is a concept of equity. Richardson v. Richland County (1985), 219 Mont. 48, 56, 711 P.2d 777, 782. It means negligence in the assertion of a right and is the practical application of the maxim, 'Equity aids only the vigilant.' Richardson, 219 Mont. at 56, 711 P.2d at 782. Laches is not a mere matter of elapsed time, but principally a question of the inequity of permitting the claim to be enforced. Each case must be determined according to its own particular circumstances. Richardson, 219 Mont. at 56, 711 P.2d at 782. It exists when there has been an unexplained delay of such duration or character as to render the enforcement of the asserted rights inequitable. Richardson, 219 Mont. at 56, 711 P.2d at 782.

In determining whether laches shall bar a particular claim it

5

is proper to consider (1) whether a party or an important witness had died, and the party against whom the claim is asserted has been deprived thereby of important testimony, (2) whether the property involved has increased in value, (3) whether the property has passed into the hands of an innocent third party, or (4) whether the position of the parties has changed resulting in injustice if laches is not applied. Richardson, 219 Mont. at 57, 711 P.2d at 782.

Richland County has failed to attack the 1937 Quiet Title Decree in the fifty one years preceeding the filing of this claim by the Fillers. Richland County claims it had no reason to suspect its reservation interest was not fully protected. The 1937 deed had been on record since 1937, and Richland County alleges it filed a ratification of its reservation interest in 1971 when the Fillers executed an oil and gas lease to the property. Richland County asserts this confirms its belief that it was protected.

The 1937 Quiet Title Decree follows the 1937 Delaney deed in the chain of title to the property. The Decree specifically states that a default judgment had been entered against Richland County and that the County was "forever enjoined, estopped, foreclosed, and debarred from ever asserting any right, title, lien, claim or interest in and to the said real property hereinafter specifically described, or any part thereof." The Decree does not make an exception for Richland County's royalty interest. The Decree was filed in Richland County's public records and Richland County was on notice that title had been quieted against the County. Richland

6

County has failed to present a reasonable explanation for the failure to challenge the Decree for fifty one years. The land and minerals have now appreciated in value significantly and have passed into the hands of innocent third parties. Purchasers for value are entitled to rely on the public records concerning title to real property. When weighing these factors, equity requires that laches prevent Richland County from now claiming a 6¼% royalty interest after fifty one years of ownership by plaintiffs and their predecessors in interest without an adverse claim by Richland County.

We note that Richland County has not asserted that the 1937 Decree was a void judgment for lack of service of process. Therefore cases such as Shields v. Pirkle Refrigerated Freight Lines, Inc. (1979), 181 Mont. 37, 45, 591 P.2d 1120, 1125, and Joseph Russell Realty Co. v. Kenneally (1980), 185 Mont. 496, 501, 605 P.2d 1107, 1110, which hold that a void judgment cannot acquire validity because of laches do not apply.

III

Is the County prevented from relitigating its reservation claim under the doctrine of res judicata?

Once there has been full opportunity to present an issue for judicial decision in a given proceeding, the determination of the court in that proceeding must be accorded finality as to all issues raised or which fairly could have been raised, else judgments might be attacked piecemeal and without end. Wellman v. Wellman (1982), 198 Mont. 42, 46, 643 P.2d 573, 575. The four criteria that must

7

be met before a plea of res judicata can be sustained are: (1) the parties or their privies must be the same; (2) the subject matter of the action must be the same; (3) the issues must be the same, and must relate to the same subject matter; and (4) the capacities of the persons must be the same in reference to the subject matter and to the issues before them. Hopper v. Hopper (1979), 183 Mont. 543, 557, 601 P.2d 29, 36.

Richland County asserts that Wellman does not apply because the County had no opportunity to litigate the reservation in 1937 when the County was denied any opportunity for appearance by Delaney and the County attorney. As we have already pointed out, Richland County has failed to produce evidence to show that the County was unfairly denied an opportunity to have its case heard. Absent such showing, the four criteria have been met and Richland County is prevented from relitigating its reservation claim under the doctrine of res judicata.

We reverse and order summary judgment be entered in favor of the plaintiffs.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

8

_____

_____

_____
                    Justices

9