No. 91-276

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

IN RE THE MARRIAGE OF
JOHN J. DRISCOLL, III,

        Joint Petitioner, Respondent
           and Cross-Appellant,

   and

CHRISTINA M. POWELL-DRISCOLL,

        Joint Petitioner, Appellant
          and Cross-Respondent.

**FILED**

SEP 24 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Larry W. Moran, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Peter S. Lineberger; Lineberger & Walsh, P.C.,
          Bozeman, Montana

      For Respondent:

          Brenda Riley Cole and Bonnie Swandal; Swandal &
          Douglass Law Firm, Livingston, Montana


                Submitted on Briefs: August 29, 1991

                      Decided: September 24, 1991

Filed:

Clerk

Justice John Conway Harrison delivered the Opinion of the Court

John J. Driscoll, III and Christina M. Powell-Driscoll, as joint petitioners, commenced dissolution of their marriage in the Eighteenth Judicial District, Gallatin County, Montana. The District Court entered its decree on November **26, 1990** and both parties appeal. We affirm in part and modify in part.

The parties present a number of arguments to support their theories and positions. We address only the most significant issue:

Did the District Court err by decreeing that the sum of $22,500, plus interest, awarded to the husband and to be paid by the wife was not dischargeable in bankruptcy?

John and Christina were married in Coeur d' Alene, Idaho on February **28, 1976.** Two children were born to the parties during their fourteen-year marriage. Throughout the course of the marriage, the parties acquired various residential and business properties. The most significant assets include a day care business, a retail camera shop and the family residence. The properties were financed by gifts, loans, fire insurance proceeds, advancements on life insurance, cash from stock liquidation, wages, and rental property proceeds. Throughout the marriage the parties jointly contributed time and effort to the maintenance of the properties and businesses. They cooperated in operating the businesses and often worked together in the ventures in various capacities. After nearly fourteen years of marriage, the couple

began to experience marital difficulties and in **1989,** the wife filed a motion requesting exclusive control of the camera business. The husband agreed to stop working at the camera business in **1989,** and the dissolution proceeding took place on July 23, **1990.**

The District Court entered the decree on November **26, 1990** which addressed child custody, visitation, child support, medical coverage for the children, property valuation and distribution issues. Both parties appeal on various issues.

On appeal, we will not overturn the district court's judgment distributing marital property unless the court has abused its discretion. Marriage of Dzivi (Mont. **1991), 805** P.2d **567, 568, 48** St.Rep. **140.** We find that the District Court based its decision on substantial credible evidence. Except for the bankruptcy issue addressed later in this opinion, the District Court's holdings on all other matters including payment of equity, and visitation revisions will remain undisturbed.

Prohibition of Discharge of Indebtedness in Bankruptcy:

The District Court stated in findings of fact **#14 A)** that:

The amount due husband shall **not** be dischargeable in bankruptcy, and shall be considered as personal obligation of wife regardless of the future financial condition of The Camera Shop. [Emphasis in original.]

Such a statement, while meant to prevent the wife from obtaining an equitable division of the assets and then essentially retaining the entire marital estate via a bankruptcy proceeding, is nevertheless improper in the District Court's findings and decree. Here, the District Court awarded the wife sole ownership

3

of the couple's day care business and retail camera shop according to her wishes. The court awarded the husband the family home on which he assumed all debt.

The record indicates continued reluctance on the part of the wife to compensate the husband for his interest in the camera shop. Further, there is evidence to show that the wife has threatened bankruptcy to discharge the payment obligation to the husband. She alone has the opportunity to sell or operate the businesses as she sees fit, but in obtaining the businesses, she must pay the husband for his interest.

One of the marital assets addressed by the court was the camera shop which it distributed to the wife with a net fair value of $45,000. The court decreed that the husband was to receive $22,500 from the wife as his share of the camera shop, with interest of 10% per annum until paid. The court further decreed that this amount due the husband shall not be dischargeable in bankruptcy, and shall be a personal obligation of the wife.

The United States Bankruptcy Code, 11 U.S.C. Section 523 (a)(5), provides that:

> A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor Prom any debt . . . (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that . . . (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support; . . . .

4

The District Court's decree prohibiting discharge of indebtedness in bankruptcy denying the wife's rights under the Bankruptcy Code is error. The District Court did not find and decree that the $22,500 awarded to the husband was for alimony, maintenance or support for the wife or the minor children.

Accordingly, the final decree is reversed with regard to the inclusion of the statement prohibiting a discharge of indebtedness in a bankruptcy proceeding.

The judgment, decree, findings of fact and conclusions of law of the District Court are modified by striking therefrom the provision that the $22,500 awarded to the husband and to be paid by the wife is not dischargeable in bankruptcy. The judgment, decree, findings of fact and conclusions of law are otherwise affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

September 24, 1991

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Peter S. Lineberger
LINEBERGER & WALSH, P.C.
P.O. Box 6400
Bozeman, MT   59715-6400

Brenda Riley Cole and Bonnie Swandal
SWANDAL & DOUGLASS
206 East Callender
Livingston, MT   59047

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
         Deputy