No. 95-253

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

SHERMAN P. HAWKINS,

      Petitioner and Appellant,

  V.

JANET COX, DAN RUSSELL, JAMES OBIE,
JACK McCORMICK, STATE OF MONTANA, ET AL.,

      Respondents and Respondents.

FILED

DEC 12 1995

Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Third Judicial District,
               In and for the County of Powell,
               The Honorable Ted Mizner, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

           Sherman P. Hawkins, Pro Se,
           Deer Lodge, Montana

        For Respondent:

           Hon. Joseph P. Mazurek, Attorney General,
           Helena, Montana

           David L. Ohler and Lois Adams, Special
           Assistant Attorneys General, Department
           of Corrections, Helena, Montana

Submitted on Briefs:  November 9, 1995

Decided:  December 12, 1995

Filed:

Justice Terry N. Trieweiler delivered the opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

The appellant, Sherman Hawkins, filed a motion for a new trial in the District Court for the Third Judicial District in Powell County based on his allegation that false testimony had been given by Janet Cox at his previous trial. Hawkins' motion alleged that Cox's misrepresentations constituted fraud upon the court. The District Court denied the motion for new trial. We affirm the order of the District Court.

The issue on appeal is:

Did the District Court abuse its discretion when it denied Hawkins' motion for a new trial?

                    FACTUAL BACKGROUND

On September 28, 1973, Hawkins was sentenced to the Montana State Prison for life following his conviction of murder in the first degree. He was released on work furlough in January 1984. In February 1987, his furlough was revoked because of an incident which led to his conviction of assault, and criminal possession of dangerous drugs. He received sentences of twenty-two and fifteen years for those convictions.

2

In 1991, Hawkins filed a complaint in district court in which he alleged he had been given inadequate credit for time served and that his good time had been incorrectly calculated. Hawkins alleged that the State had "refused to apply the 464 days of jail time [served prior to his convictions] to either of the sentences imposed by the sentencing court." He claimed that his parole eligibility date was not correct because of this error.

On March 4, 1993, after an evidentiary proceeding and a rehearing, the District Court issued an order in which it granted the State's motion for summary judgment and determined that Hawkins had been granted all the good time to which he was entitled and had received proper credit for the days he was incarcerated prior to his conviction and sentencing. Hawkins then appealed that order to this Court. We affirmed the order in a nonpublished opinion dated August 17, 1993.

On March 16, 1995, Hawkins filed a "Motion for New Hearing or New Trial Because of Fraud Upon the Court." Hawkins' motion, based on the residual clause of Rule 60(b), M.R.Civ.P., alleged that Janet M. Cox, Records Supervisor at the Montana State Prison, misrepresented facts to the court at the 1991 trial of his original petition and miscalculated the good **time** to which he claims he was entitled. Specifically, Hawkins contends that a calculation error in the Initial Parole Report documents his claim that Cox testified falsely.

The State's response included an affidavit from Ms. Cox which denied many of Hawkins' allegations. In addition, the State

contends that Ms. Cox's alleged actions, even if true, do not constitute the extrinsic fraud which is necessary to satisfy the residual clause of Rule 60, M.R.Civ.P.

On April 25, 1995, the District Court denied Hawkins' motion for a new trial based on its conclusion that it was without factual or legal foundation.

## DISCUSSION

Did the District Court abuse its discretion when it denied Hawkins' motion for a new trial.

We review a district court's denial of a motion for a new trial to determine whether the court abused its discretion. See *State v. Mummey* (1994), 264 Mont. 272, 276, 871 P.2d 868, 870.

Hawkins alleges that he is entitled to a new trial because of fraud upon the court. The original order which resolved Hawkins' complaint was entered on March 4, 1993. Hawkins waived notice of entry of judgment by filing his notice of appeal from that judgment on March 16, 1993. A party is allowed 60 days after service of notice of entry of judgment to file a motion for relief from that judgment pursuant to Rules 60(b)(1)-(3), M.R.Civ.P., for newly discovered evidence, mistake, fraud, misrepresentation, or other misconduct. In this case, that **time** period commenced no later than March 16, 1993. These grounds for relief are, therefore, time-barred because Hawkins' motion was not filed until March 16, 1995, two years after his notice of appeal to this Court.

Rule 60(b), M.R.Civ.P., does contain a residual clause which provides:

> This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as may be required by law, or to set aside a judgment for fraud upon the court.

We have held that the fraud contemplated in the residual clause is extrinsic or collateral fraud, rather than intrinsic fraud, and therefore, is a narrower species of fraud than the type of fraud referred to in Rule 60(b)(3), M.R.Civ.P. *Salway v. Arkava* (1985), *215* Mont. 135, 140, 695 P.2d 1302, 1306; *Brown v. Small* (1992), 251 Mont. *414, 420, 825* P.2d 1209, 1213. The difference is important because to hold that the type of fraud denominated in the residual clause of Rule 60(b) is equivalent to that envisioned by subsection (b)(3) would render the time limitations imposed in Rule 60 meaningless. *Salway*, 695 P.2d at 1306.

Extrinsic fraud is defined as fraud that has prevented the unsuccessful party from presenting his or her case. *Marriage of Lance* (1981), 195 Mont. 176, 179-80, 635 P.2d 571, 574; see *Salway*, 695 P.2d at 1306. Extrinsic fraud is collateral to the matters tried by the court and is not fraud in the matters on which the judgment was rendered. *Brown v.* Jensen (1988), 231 Mont. 340, 346, 753 P.2d *870, 874 ; Salway*, 695 P.2d at 1306. We have repeatedly held that neither perjured testimony nor false or fraudulent allegations used to obtain a judgment constitute extrinsic fraud. Jensen, *753* P.2d at 875; *Salway,* 695 P.2d at 1307; *Pilati v. Pilati* (1979), 181 Mont. 182, 190. 592 P.2d 1374, 1377-78. The principle is that during a trial,

veracity itself is at issue, and in the public's interest cannot be tried again later. *Pilati*, 592 P.2d at 1379.

It is apparent that none of Hawkins' allegations, even if accepted as true, constitute extrinsic fraud. He simply alleges that Janet Cox gave perjured testimony. However, Cox's truthfulness was one of the issues directly considered at the original trial, and therefore, is not collateral to the action.

Accordingly, we conclude that Hawkins' allegations are insufficient for relief based on extrinsic fraud pursuant to Rule 60(b), M.R.Civ.P.

Because Hawkins is unable to demonstrate extrinsic fraud, we hold that the District Court did not abuse its discretion when it denied Hawkins' motion for a new hearing.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

**6**

December 12, 1995

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


Sherman P. Hawkins
730 Conley Lake Rd.
Deer Lodge, MT 59722


Lois Adams, Legal Counsel
Dept. of Corrections and Human Services
1539-11th Ave.
Helena, MT 59620

Hon. Joseph P. Mazurek, Attorney General
, Assistant Attorney General
215 N. Sanders
Helena MT 59620

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy