No. 96-401

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

IN RE THE MARRIAGE OF
MICHAEL JOSEPH DOYLE,

      Petitioner and Respondent,

  and

JANICE LOUISE DOYLE,

      Respondent and Appellant.

FILED

DEC 31 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Twenty-first Judicial District,
            In and for the County of Ravalli,
            The Honorable Jeffrey H. Langton, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Michael Sol; Sol & Wolfe, Missoula, Montana

      For Respondent:

          Darel Graves, Attorney at Law, Hamilton, Montana

Submitted on Briefs: November 14, 1996

Decided: December 31, 1996

Filed:

_____
              Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Appellant, Janice Louise Doyle (Janice), appeals from the decision of the Twenty-first Judicial District Court denying her motion to set aside the property settlement agreement she entered into with Michael Joseph Doyle (Michael). We affirm in part, reverse in part, and remand for rehearing.

We restate the issues as follows:

1) Did the District Court err in denying Janice's motion to set aside the parties' 1993 Property Settlement Agreement because the motion was not filed within 60 days of the final Decree?

2) Did the District Court err by awarding attorney fees without first conducting a hearing?

## BACKGROUND

Michael and Janice were married in 1964 and their marriage was dissolved in 1993. During the marriage, Michael was employed as a rancher while Janice worked as a bank teller, housewife, cosmetologist, and helped on the ranch on a daily basis. At the time of the dissolution, Michael and Janice were 50 and 48 years old, respectively.

In 1993, Michael and Janice executed a Property Settlement and Separation Agreement (Agreement). The Agreement was drafted by Michael's attorney. Despite repeated suggestions by Michael's counsel, both orally and in writing, that she obtain legal advice, Janice chose not to seek legal counsel or appear at the hearing to approve the Agreement. Under the Agreement Janice received 110 acres of bare land, her car, various personal belongings and was

2

assigned over $40,000 in debt. In return, Michael received a total of 560 acres of land, all of the machinery and equipment, the cattle heard, a $19,000 Treasury certificate and was assigned $35,000 in debt. The Agreement expressly allows modification only upon written consent or upon a finding of unconscionability and requires the district court to award attorney fees, as a cost of suit, to the successful party in any action to "enforce, modify, or interpret" the Agreement. The District Court approved the Agreement, incorporated the Agreement into the decree, specifically ordered each party to perform the Agreement, and granted final dissolution of the marriage.

Nearly two years after the District Court's 1993 Judgment, Janice filed a motion to set aside and vacate the decree of dissolution and rescind the Agreement on grounds that Michael made misrepresentations as to values of the property, how much of Janice's property was under the flood plain, and whether his property was encumbered by a life estate. Although the motion was vague regarding its procedural grounds, it was treated as an independent action pursuant to the residual clause of Rule 60(b), M.R.Civ.P. After Michael and Janice filed briefs and affidavits in support of their arguments, the District Court entered its Opinion and Order denying Janice's motion. In addition to denying Janice's motion, the District Court, without first conducting a hearing, awarded Michael attorney fees in excess of $4,400. Janice appeals both the District Court's decision denying her motion to set aside and vacate the decree of dissolution and rescind the Agreement, and

3

the District Court's decision to award attorney fees without conducting a hearing.

## STANDARD OF REVIEW

Both issues before this Court deal with the District Court's conclusions of law. The standard of review of a district court's conclusions of law is whether the court's interpretation of the law is correct. Carbon County v. Union Reserve Coal Co. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686; see also Kreger v. Francis (1995), 271 Mont. 444, 898 P.2d 672.

## DISCUSSION

1) Did the District Court err in denying Janice's motion to set aside the parties' 1993 Property Settlement Agreement because the motion was not filed within 60 days of the final Decree?

Since Janice's motion was filed more than 60 days after entry of the decree, grounds one through three of Rule 60(b) are precluded from consideration, and grounds four through six do not pertain to her motion. Accordingly, the District Court analyzed the motion under the residual clause of Rule 60(b). The residual clause of Rule 60(b), M.R.Civ.P., provides:

> This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as may be required by law, or to set aside a judgment for fraud upon the court.

This residual clause allows for three separate avenues of relief including: lack of personal notification, fraud upon the court,

4

and an independent action for extrinsic fraud. <u>See</u> Rule 60(b), M.R.Civ.P.; In re Marriage of Miller (1995), 273 Mont. 286, 291, 902 P.2d 1019, 1022 (citing Salway v. Arkava (1985), 215 Mont. 135, 140, 695 P.2d 1302, 1305). The District Court held that Janice was not entitled to relief under the residual clause of Rule 60(b), M.R.Civ.P. We agree.

Janice argues that, under a broad application of Rule 60(b), M.R.Civ.P., misrepresentations on the part of Michael qualify Janice for relief under the residual clause. Since lack of personal notification was not raised by Janice, we will only address whether Michael's actions constituted a fraud upon the court or whether Janice has an independent action for extrinsic fraud.

Fraud upon the court only involves that species of fraud which subverts or attempts to subvert the integrity of the court itself, or fraud perpetrated by officers of the court so that the judicial machinery cannot perform in an impartial manner. Filler v. Richland County (1991), 247 Mont. 285, 289, 806 P.2d 537, 539. Fraud upon the court is limited to only the most egregious conduct, including bribery of a judge or member of the jury; fabrication of evidence in which an attorney has been implicated; or the employment of counsel to influence the court. <u>Filler</u>, 806 P.2d at 539. This Court has repeatedly held that fraud between the parties is not fraud upon the court. <u>Marriage of Miller</u>, 902 P.2d at 1022; Wise v. Nirider (1993), 261 Mont. 310, 316, 862 P.2d 1128, 1132; Traders State Bank of Poplar v. Mann (1993), 258 Mont. 226, 236,

852 P.2d 604, 610. Even if Janice's claims that Michael misrepresented resale values and facts as to flood plains are true, that cannot be characterized as a fraud upon the court.

Finally, none of Michael's actions can be characterized as extrinsic fraud. Montana follows the general rule that the fraud must be extrinsic, as opposed to intrinsic, to support an independent action for fraud under the residual clause of Rule 60(b), M.R.Civ.P. Marriage of Miller, 902 P.2d at 1022 (citing Filler, 806 P.2d at 539). Extrinsic fraud has been defined as some intentional act or conduct by which the prevailing party has prevented the unsuccessful party from having a fair submission of the controversy. Marriage of Miller, 902 P.2d at 1022 (citing Salway, 695 P.2d at 1306). Extrinsic fraud is collateral to the matters tried by the court, but does not include fraud in the matters on which the judgment was rendered. See Salway, 695 P.2d at 1306 (citing Hall v. Hall (1924), 70 Mont. 460, 467, 226 P.2d 469, 471). In Ellis v. Schwank (Wash. 1950), 223 P.2d 448, the Washington State Supreme Court found extrinsic fraud was present where a son of the plaintiff's alleged father had destroyed written statements and wills acknowledging plaintiff was his daughter. Ellis, 223 P.2d at 449. The court explained that since the son destroyed evidence that the father's daughter (the plaintiff) was also entitled to part of the father's estate, the plaintiff had been denied an opportunity to present at trial all of the rights and defenses to which she was entitled. Ellis, 223 P.2d at 449. The son's actions had prevented the plaintiff from having a fair

6

submission of the controversy and were collateral to probating the will.

In the instant case, Janice's claims of fraud relate to assets set forth in the Agreement, which, in turn, was incorporated into the 1993 Judgment. Although the asset values were not set forth in the Agreement, all assets were disclosed. Therefore, none of Janice's claims can be characterized as extrinsic fraud.

Accordingly, we conclude that none of the claims set forth by Janice allow the 1993 Judgment to be set aside. We affirm the District Court's decision denying Janice's motion to set aside the 1993 Judgment.

2)    Did the District Court err by awarding attorney fees without first conducting a hearing?

Section 40-4-110, MCA, grants the district court discretion to award attorney fees and costs in certain domestic relation cases. In re Marriage of Malquist (1994), 266 Mont. 447, 454, 880 P.2d 1357, 1361 (citing In re Marriage of Dzivi (1991), 247 Mont. 165, 167-68, 805 P.2d 567, 569). Section 40-4-110, MCA, provides:

> **40-4-110. Costs -- attorney's fees.** The court from time to time, after considering the financial resources of both parties, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under chapters 1 and 4 of this title and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

In interpreting this section, this Court has required that a petitioning party must make a showing of necessity before the

7

district court awards attorney fees. In addition, the award must be reasonable and based upon competent evidence. Marriage of Malquist, 880 P.2d at 1362 (citing In re Marriage of Barnard (1990), 241 Mont. 147, 154, 785 P.2d 1387, 1391; In re Marriage of Laster (1982), 197 Mont. 470, 479, 643 P.2d 597, 602; Wilson v. Bean (1981), 192 Mont. 426, 427-28, 628 P.2d 287, 289). Before a court can determine reasonableness, it must conduct a hearing allowing for the introduction of exhibits, oral testimony and the opportunity for cross-examination. Marriage of Malquist, 880 P.2d at 1362 (citing Marriage of Barnard, 785 P.2d at 1391). Finally, an award of attorney fees will not be reversed if supported by substantial evidence. Marriage of Barnard, 785 P.2d at 1391-92.

In the instant case, the District Court awarded Michael a total of $4,450.75 in attorney fees. In its opinion and orders dated October 19, 1995, and March 6, 1996, the District Court ordered Janice to pay Michael's reasonable attorney fees. The District Court ordered Michael to submit an affidavit of attorney fees and costs. Based solely on affidavits submitted by Michael, the District Court determined that a fee of $4,450.75 was reasonable.

The award of attorney fees in this case was not made pursuant to § 40-4-110, MCA, but rather pursuant to a provision in the Agreement which provided:

> Should any action be commenced to enforce, modify, or interpret any provisions contained herein, the Court, as a cost of suit, shall award a reasonable attorney's fee to the successful party.

8

Nonetheless, we hold that an evidentiary hearing as to reasonableness is a prerequisite to an award of fees whether they be pursuant to statute or contract. A hearing allowing for the introduction of exhibits, oral testimony and an opportunity for cross-examination affords parties an opportunity to present competent evidence in support of their claims. <u>Marriage of Malquist</u>, 880 P.2d at 1362. Here, the District Court's failure to conduct such a hearing was reversible error. We remand this case to the District Court for a hearing on the issue of reasonable attorney fees.

Accordingly, we affirm the District Court's decision denying Janice's motion to set aside the Property Settlement and Separation Agreement. We reverse the District Court's award of attorney fees, and remand for a hearing on that issue.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

9