DA 11-0401

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 306N

IN THE MATTER OF:

M.W.,

    Respondent and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DI 11-0037
Honorable Mary Jane Knisely, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Joseph P. Howard, Attorney at Law, Great Falls, Montana

        For Appellee:

        Steve Bullock, Montana Attorney General; Micheal S. Wellenstein, Assistant Attorney General, Helena, Montana

        Scott Twito, Yellowstone County Attorney; Mark A. English, Deputy County Attorney, Billings, Montana

Submitted on Briefs:  November 16, 2011

Decided:  December 6, 2011

Filed:

_____
                  Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Following a jury verdict on a commitment petition, the Thirteenth Judicial District Court, Yellowstone County, ordered M.W. committed to the Montana Mental Health Nursing Care Center for a period not to exceed three months. M.W. appeals.

¶3 Eighteen years ago, M.W. suffered a brain injury that significantly impaired the frontal lobe of his brain. M.W. also suffers from epilepsy. Three years ago, after allegations arose that M.W. was abusing alcohol and was being exploited by the individuals he was living with, Debra Lawson (Lawson) was appointed M.W.'s guardian. Despite Lawson's efforts over the past three years, M.W. has been expelled from numerous nursing homes and assisted living centers because of his volatile behavior. After M.W. was most recently expelled from a living arrangement with family, his family placed him at the Billings Clinic. Dr. Robert McDermott, a psychiatrist with the Billings Clinic, evaluated M.W. and determined M.W. was unable to care for himself and requested that the State file a petition for commitment.

¶4 The State filed a petition for commitment in June of 2011. The matter proceeded to a jury trial later that month. At trial, the State called Lawson, M.W.'s social worker Walt Williams, and Dr. McDermott as witnesses. They testified that M.W. is incapable of living

2

independently and/or caring for himself due to his mental disorder. Specifically, Lawson expressed concern that M.W. would be dead within a month if he was allowed to live independently. Williams testified that M.W. does not possess the cognitive abilities to participate in outpatient treatment and could not live independently because he cannot retain information. Dr. McDermott explained his recommendation that M.W. be committed to the Montana Mental Health Nursing Care Center as follows:

> [A]ll the information I have says that [M.W.] cannot take care of himself outside of a highly structured setting, such as a good nursing home or a psychiatric hospital. And that—there is nothing else for him to do in the way of resources. And so given that he can't take care of himself even in the hospital, I think he needs to have supervision in a highly functional nursing facility.

¶5 In his defense, M.W. testified about his favorite foods, his appreciation for science fiction novels and history, and his desire to procure a loan in order to purchase a mobile home. M.W. testified that he believed he could care for himself as long as he stayed away from alcohol. M.W. admitted his memory is not very good and could not recall being admitted into the Billings Clinic. The jury returned a verdict finding M.W. suffers from a mental disorder requiring commitment.

¶6 While M.W. concedes on appeal that he suffers from the mental disorder of dementia, he challenges his commitment on the basis that the jury could not have found he was unable to provide for his own basic needs as a result of his dementia. Thus, the sole issue on appeal is whether substantial credible evidence supports the jury's verdict that M.W., because of his

mental disorder, is substantially unable to provide for his own basic needs of food, clothing, shelter, health, or safety.

¶7     This Court reviews a jury verdict to determine if it is supported by substantial credible evidence. *Campbell v. Canty*, 1998 MT 278, ¶ 17, 291 Mont. 398, 969 P.2d 268. Substantial credible evidence is "evidence that a reasonable mind might accept as adequate to support a conclusion." *Campbell*, ¶ 18. It may be less than a preponderance of the evidence, but must be more than a mere scintilla. *Campbell*, ¶ 18.

¶8     At a trial or hearing on an involuntary commitment petition, the jury has to determine whether the respondent is suffering from a mental disorder and whether the respondent requires commitment. Section 53-21-126(1), MCA. Determining whether commitment is required includes the consideration of a number of statutory criteria. Satisfaction of any one of the criteria justifies a respondent's commitment. Section 53-21-127(7), MCA. Relevant to this appeal, one of the criteria provides for commitment where "the respondent, because of a mental disorder, is substantially unable to provide for the respondent's own basic needs of food, clothing, shelter, health, or safety." Section 53-21-126(1)(a), MCA.

¶9     Although M.W. argues the jury could not have reasonably found that he was unable to provide for his own basic needs, his argument rests solely upon his own self-serving testimony regarding his plan to secure shelter and food. This is contrary to the testimony presented by Lawson, Williams, and Dr. McDermott that M.W. is unable to provide for his basic needs. The issues in this case are factual and the jury's verdict is supported by substantial credible evidence. Accordingly, we have determined to decide this case pursuant

4

to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions.

¶10     Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ BETH BAKER
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON
/S/ JIM RICE