FILED

April 26 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0329

DA 15-0329

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 97N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

JOHN FESLER LANCE, II,

      Defendant and Appellant.

APPEAL FROM:     District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 14-237
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          John Fesler Lance, II, Self-Represented, Deer Lodge, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Tammy K Plubell, Assistant Attorney General, Helena, Montana

          William Fulbright, Ravalli County Attorney, Hamilton, Montana

Submitted on Briefs: March 16, 2016

Decided: April 26, 2016

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      John Fesler Lance, II (Lance) appeals a decision from the Twenty-First Judicial District Court, Ravalli County, relative to his most recent jury trial on February 23, 2015. The District Court prevented Lance from presenting evidence regarding his 1979 dissolution decree and ordered him to pay restitution. The issue is whether the District Court properly precluded an already-adjudicated issue from being submitted to the jury, and whether the District Court properly awarded restitution. We affirm.

¶3      Lance's issues stem from his 1979 divorce decree, which led to a sheriff's sale of his real property near Florence, Montana. Lance unsuccessfully contested the divorce decree and the Florence property's sale. Undeterred, Lance continued his attempts to regain the property, which led to three convictions for felony intimidation and a commitment to the Montana State Prison. While at the Montana State Prison, Lance continued to send harassing correspondence to the current owners of the property. On March 26, 2014, the Ravalli County Justice Court granted the current owners a Permanent Order of Protection from Lance.

¶4      On March 31, 2014, the State discharged Lance. On September 15, 2014, Lance violated the order of protection for a second time since his March release. On February

2

23, 2015, a jury convicted Lance of four offenses: (1) felony intimidation; (2) felony stalking; (3) misdemeanor order of protection violation; and (4) misdemeanor criminal trespass. On March 25, 2015, the District Court sentenced Lance to 75 years for each felony conviction and six months for each misdemeanor offense, all to run concurrently. The District Court sentenced Lance "to a prison designated by the Montana Department of Corrections, for execution of this, the sentence and judgment of the Court." It also ordered Lance to pay $16,129.35 for restitution and a $1,612.93 Restitution Surcharge Fee.

¶5 Lance has challenged the divorce decree and property sale's validity for over three decades, leading to three decisions and three orders from this Court. *See Lance v. Lance*, 195 Mont. 176, 635 P.2d 571 (1981) (upholding the Lances' divorce decree because of Lance's untimely attempt to reopen his dissolution proceedings); *In re Marriage of Lance*, 213 Mont. 182, 690 P.2d 979 (1984) (upholding a district court's dismissal of Lance's custody modification petition for lack of jurisdiction); *State v. Lance*, 222 Mont. 92, 721 P.2d 1258 (1986) (upholding Lance's criminal intimidation charges and the intimidation statute's constitutionality); *Lance v. Fourth Judicial Dist. of Mont.*, No. OP 11-0553, 363 Mont. 416, 2011 Mont. LEXIS 501 (December 6, 2011) (denying Lance's petition for writ of mandamus from another civil case attacking his divorce decree's validity and his 25 years of incarceration for felony intimidation); *Lance v. Twenty-First Judicial Dist.*, Nos. OP 11-0747, 11-0748, 11-0771, 364 Mont. 551, 2012 Mont. LEXIS 118 (February 14, 2012) (consolidating and denying three separate petitions seeking a writ of error coram vobis because M. R. Civ. P. 60(e) abolished such a writ, and no other

writ applied to the facts); *Lance v. Fourth Judicial Dist. Court*, No. OP 13-0289, 2013 Mont. LEXIS 284 (June 19, 2013) (denying Lance's petition for a writ of supervisory control from another civil matter contesting his divorce decree's validity).

¶6 We review a district court's evidentiary ruling for abuse of discretion. *State v. Nichols*, 2014 MT 343, ¶ 8, 377 Mont. 384, 339 P.3d 1274. A district court has broad discretion for ruling on the admissibility of evidence. *State v. Payne*, 2011 MT 35, ¶ 15, 359 Mont. 270, 248 P.3d 842.

¶7 During the February 23, 2015 pretrial conference, the District Court determined that the "issue of the title to the [property] . . . is done and over with. It's not relevant to these proceedings." Lance contends the District Court erred in determining his divorce decree and property sale issues were not relevant to a trial concerning his most recent intimidation charges. "Relevant evidence means having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." M. R. Evid. 401. "Evidence which is not relevant is not admissible." M. R. Evid. 402. The District Court properly withheld Lance's divorce decree and property sale evidence because these issues have already been adjudicated multiple times and were properly excluded on the basis of issue preclusion.

¶8 Issue preclusion "bars the reopening of an issue that has been litigated and resolved in a prior suit." *Kullick v. Skyline Homeowners Assn.*, 2003 MT 137, ¶ 18, 316 Mont. 146, 69 P.3d 225. Issue preclusion prevents litigants from "incessantly waging piecemeal, collateral attacks against judgments." *Baltrusch v. Baltrusch*, 2006 MT 51,

¶ 15, 331 Mont. 281, 130 P.3d 1267. Issue preclusion bars relitigation of an issue if four elements are met: (1) an identical issue was previously raised in prior adjudication; (2) a final judgment on the merits was issued in the prior adjudication; (3) the party against whom issue preclusion is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom issue preclusion is asserted must have been afforded a full and fair opportunity to litigate any issues which may be barred. *Baltrusch*, ¶ 18.

¶9    Here, all four elements are met. First, the issues of Lance's divorce and the property sale are identical to those previously adjudicated. In 1981, this Court held that Lance's decree of dissolution was "conclusive as to all issues raised by the pleadings actually litigated and adjudged." "[And his] marriage to [his ex-wife] is finally terminated and that for the good of his children it is time to take some new directions." *Lance*, 195 Mont. at 184, 635 P.2d at 576 (holding the Lances' divorce decree final because Lance failed to timely contest it; and intrinsic fraud—as opposed to extrinsic— did not excuse the untimely attempt). This Court has also already addressed the property sale issue: "Lance lost his interest in the [property], which was sold pursuant to a sheriff's sale. Lance failed to appeal in a timely manner or to timely seek relief from the judgment, and we affirmed the District Court." *Lance*, 2012 Mont. Lexis 118, ¶ 3. Second, the divorce and property sale issues were resolved on their merits. Those issues revolve around Lance's procedural failures during his divorce proceedings. Lance argues his failure to timely contest the divorce resulted in a default judgment not appropriate for issue preclusion. This argument is misplaced as the issue is not the merits of the

5

underlying divorce, but whether its final resolution is void because of a procedural mistake. This Court determined the procedural issue on the merits when we decided Lance failed to timely contest his divorce decree. *Lance*, 195 Mont. at 184, 635 P.2d at 576. Third, Lance was a party to the prior adjudication. He was a party to the underlying divorce decree, and all subsequent appeals relating to that adjudication. Finally, the district courts and this Court have provided Lance with a full and fair opportunity to litigate the legitimacy of his divorce decree and, in turn, the property sale. All four issue preclusion elements are met; therefore, we will not analyze the merits of Lance's issues regarding his divorce decree or sale of the property.

¶10 Lance also contends issue preclusion is inapplicable when the validity of a judgment is appealed. We decline to address this argument again, as we have already done so in our June 19, 2013 Order, where we stated:

> Lance has repeatedly sought to vacate the decree of dissolution and correspondingly nullify the [property] foreclosure. Lance attempts to vacate the decree of dissolution and thereby nullify the sale of the [property] so Lance could pursue his actual innocence claim in order to set aside his felony Intimidation convictions.
> Simply referring to the decree of dissolution as "void" does not make it so. Lance has made similar claims in other proceedings.

*Lance*, 2013 Mont. LEXIS 284.

¶11 Lance contends his restitution and restitution surcharge fee are legally deficient because the District Court failed to state its findings related to the §§ 46-18-241 through -249, MCA, requirements. At the March 25, 2015 sentencing hearing, Lance objected to moving forward with sentencing before the District Court considered his motion for retrial. Lance did not object to the court-ordered restitution, but raises this

6

issue for the first time on appeal. Generally, when a defendant has not made a contemporaneous objection to the trial court's alleged error, we will not review the alleged error on appeal. Section 46-20-104(2), MCA. The objection must be contemporaneous and specific. *State v. Johnson*, 2011 MT 116, ¶ 21, 360 Mont. 443, 254 P.3d 578 (declining to address a measurement of restitution because the defendant failed to specifically object to its lack of victim affidavits below, even though he did object to the sentencing date). Although illegal sentences are reviewable for the first time on appeal, "a sentencing court's failure to abide by a statutory requirement rises to an objectionable sentence, not necessarily an illegal one . . . ." *State v. Kotwicki*, 2007 MT 17, ¶ 13, 335 Mont. 344, 151 P.3d 892. Here, Lance appeals the District Court's alleged failure to adhere to statutory requirements. As we held in *Johnson*, the District Court's alleged failure to follow statutory requirements results in an objectionable sentence. Lance has waived this issue for appellate consideration because he failed to object below.[1]

¶12   We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear

---

[1] Lance also requests this Court to review his restitution issue using the common law plain error doctrine. Lance raised the doctrine for the first time in his Reply Brief and failed to state the doctrine's requisite elements. Legal theories raised for the first time in an appellant's reply brief are outside the scope of such a brief and an appellate court does not address them. *See* M. R. App. P. 12(3); *Loney v. Milodragovich, Dale & Dye, P.C.*, 273 Mont. 506, 512, 905 P.2d 158, 162 (1995).

application of applicable standards of review.  The District Court's ruling was not an abuse of discretion.  We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ JIM RICE