FILED

02/13/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0652

DA 16-0652

IN THE SUPREME COURT OF THE STATE OF MONTANA

2018 MT 23N

JOHN FESLER LANCE, II.,

      Plaintiff and Appellant,

  v.

STATE OF MONTANA,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DV 16-0369
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            John Fesler Lance II, Self-Represented, Deer Lodge, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

            William Fulbright, Ravalli County Attorney, Hamilton, Montana

Submitted on Briefs:  January 17, 2018

Decided:  February 13, 2018

Filed:

                         Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 John Fesler Lance II (Lance) appeals an order of the Twenty-First Judicial District Court, Ravalli County, dismissing his petition for postconviction relief. We affirm.

¶3 Lance's current appeal stems from his decades-long insistence that his 1979 decree of dissolution was void and the resulting sheriff's sale of real property located near Florence, Montana was invalid. In connection with his attempts to regain the property after its sale in 1981, Lance was convicted of three separate counts of felony intimidation in three separate counties and committed to the Montana State Prison. Incarcerated, Lance engaged in decades of litigation in State and Federal courts disputing the validity of his decree of dissolution, the subsequent property sale, and his criminal convictions. This Court has issued four decisions and three orders affirming the validity of his decree of dissolution, the subsequent property sale, and his criminal convictions. *See Lance v. Lance*, 195 Mont. 176, 635 P.2d 571 (1981) (*Lance I*); *In re Marriage of Lance*, 213 Mont. 182, 690 P.2d 979 (1984); *State v. Lance*, 222 Mont. 92, 721 P.2d 1258 (1986); *Lance v. Fourth Judicial Dist. of Mont.*, No. OP 11-0553, 363 Mont. 416, 285 P.3d 1052, (table) (Dec. 6, 2011); *Lance v. Twenty-First Judicial Dist.*, Nos. OP 11-0747, 11-0748, 11-0771, 364 Mont. 551, 286 P.3d 248, (table) (Feb. 14, 2012); *Lance v. Fourth Judicial Dist. Court*,

No. OP 13-0289, 311 P.3d 445, (table) (June 19, 2013) (*Lance Order*); and *State v. Lance*, No. DA 15-0329, 2016 MT 97N, 2016 Mont. LEXIS 285 (*Lance IV*).

¶4 The State discharged Lance from prison in March 2014. Preceding his release, the current owners of the property obtained an order of protection against Lance because of his harassing correspondence. Lance violated that order of protection twice in the months following his release and, in 2015, a jury convicted him of four offenses: (1) felony intimidation; (2) felony stalking; (3) misdemeanor order of protection violation; and (4) misdemeanor criminal trespass. The District Court designated Lance a persistent felony offender, sentenced him to seventy-five years for each felony and six months for each misdemeanor, and ordered him to pay restitution. Lance appealed and we affirmed his convictions addressing two issues: (1) whether evidence regarding Lance's decree of dissolution and the subsequent property sale was properly excluded from his 2015 trial; and (2) whether restitution was proper. Next, Lance filed a petition for postconviction relief in Montana's Twenty-First Judicial District Court. The District Court dismissed Lance's petition and he timely appeals.

¶5 In his brief on appeal, Lance lists ten issues; however, in his Certificate of Compliance he admits that Issue 1 must be excluded in order for his brief to conform with the word limitation set forth in M. R. App. P. 11(4)(a). Therefore, we address the remaining nine issues. In Lance's Issue 2 and Issue 10, he argues his decree of dissolution was void and the District Court erred by concluding issue preclusion barred it from considering whether the decree was void. Lance argues issue preclusion does not apply because there is an exception to that rule for void judgments. We have already addressed this argument

and concluded Lance's decree of dissolution was not void. *Lance I*, 195 Mont. at 180, 635 P.2d at 574. We commented, "Simply referring to the decree of dissolution as 'void' does not make it so." *Lance IV*, ¶ 10 (*quoting Lance Order*, 311 P.3d 445, 2013 Mont. LEXIS 284). Further, we have already declined to readdress this issue. *Lance IV*, ¶ 10. We, again, decline to readdress this issue.

¶6    Lance's Issue 3 and Issue 4 allege a violation of § 47-1-104(3), MCA. Lance argues that he was never appointed counsel and that the chief public defender failed to "get involved" in his representation. Section 47-1-104(3), MCA, states, "When a court orders the assignment of a public defender, the appropriate office shall immediately assign a public defender qualified to provide the required services. The director shall establish protocols to ensure that the offices make appropriate assignments in a timely manner." The State charged Lance with four offenses and the record shows that the Office of the State Public Defender assigned Thomas Schoenleben Jr. (Schoenleben) to represent Lance. Lance fails to support his arguments with citations to the record or a legal authority other than § 47-1-104(3), MCA. The record establishes compliance with § 47-1-104(3), MCA, because Schoenleben was appointed to represent Lance. An appellant's brief "shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes, and pages of the record relied on." M. R. App. P. 12(1)(g). We are not obligated to conduct legal research on an appellant's behalf or develop legal arguments that may lend support to his or her position. *State v. Buck*, 2006 MT 81, ¶ 28, 331 Mont. 517, 134 P.3d 53. Contrary to Lance's arguments, this Court's review of the record demonstrates compliance with § 47-1-104(3), MCA.

¶7     In Issue 5, Lance argues Schoenleben and the Ravalli County Clerk of Court ignored his request to subpoena twenty-four witnesses. In Issue 6, Lance argues Schoenleben violated his constitutional rights by refusing to collaterally attack his decree of dissolution during his 2015 criminal trial. The District Court construed these two arguments as claims of ineffective assistance of counsel and concluded Schoenleben's actions were appropriate and, therefore, did not fall below the objective standard of reasonableness necessary to implicate *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). The first prong of *Strickland* requires the defendant to show that his or her counsel's performance fell below an "objective standard of reasonableness." *Whitlow v. State*, 2008 MT 140, ¶ 14, 343 Mont. 90, 183 P.3d 861 (*quoting Strickland,* 466 U.S. at 688, 104 S. Ct. at 2064). Evidence in the record demonstrates Schoenleben refused to mount a collateral attack on Lance's decree of dissolution because attacking civil judgments is outside the scope of his role as a public defender and would violate M. R. Pro. Cond. 3.1 because it is a defense with no basis in law or fact. Evidence in the record shows Schoenleben did not subpoena the witnesses Lance requested because Lance wanted to use the witnesses to collaterally attack his decree of dissolution and the subsequent property sale. Further, this Court has already addressed the validity of Lance's decree of dissolution and the subsequent property sale. Based on our review of the record, Lance has failed to prove Schoenleben's actions of abiding by M. R. Pro. Cond. 3.1 fell below the standard of reasonableness. Schoenleben did not render ineffective assistance of counsel by refusing to mount a meritless collateral attack or subpoena Lance's twenty-four witnesses.

¶8      In Issue 7, Lance argues the State deleted twenty-nine pages of exculpatory evidence from an appendix before publishing it to the jury during his 2015 trial.  Lance argues the deleted pages "demonstrate viable law leaving Lance['s] dissolution 'decree' void ab initio and [the subsequent property] sale void ab initio."  Evidence must be relevant to be admissible.  M. R. Evid. 402.  Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable."  M. R. Evid. 401.  Based on our review of the record, the District Court appropriately excluded evidence related to Lance's decree of dissolution and the subsequent property sale as irrelevant to Lance's pending criminal charges.

¶9      In Issue 8, Lance appears to argue that the District Court defamed his character.  In support of his argument, Lance quotes statements made by court officials twenty and thirty years ago.  Lance concludes his argument by stating that he is still married and still owns the property.  This argument is unsupported by facts or citations to legal authority and we decline to address it.

¶10      Finally, in Issue 9, Lance argues the District Court denied him the effective assistance of counsel by allowing Schoenleben to withdraw as counsel and advising Lance that he would proceed to trial pro se.  In his brief on appeal, Lance argues Schoenleben failed to research methods of collaterally attacking his decree of dissolution and the subsequent property sale and cites *Strickland* for support.  Prior to trial, Lance complained to the District Court about Schoenleben's representation.  Schoenleben moved to withdraw as counsel and later renewed that motion.  On February 11, 2015, the District Court held a hearing on Schoenleben's renewed motion to withdraw as counsel.  Schoenleben described

Lance's unwillingness to pursue a meritorious defense and Lance's complaints that he was incompetent and ineffective. Schoenleben advised the District Court that his and Lance's attorney-client relationship suffered "a complete breakdown" and he could not continue to represent Lance. Lance complained that Schoenleben did not visit enough and refused to pursue a collateral attack. The District Court granted Schoenleben's motion to withdraw and notified Lance he would proceed pro se. The District Court held a jury trial on February 23, 2015. Before trial began, the District Court advised Lance he would not be permitted to use his criminal trial as a forum to collaterally attack his civil judgments. Lance then refused to attend his trial, watching it from the Ravalli County Detention Center instead.

¶11 The right to assistance of counsel does not grant defendants the right to counsel of their choice. *State v. Dethman*, 2010 MT 268, ¶ 15, 358 Mont. 384, 245 P.3d 30. Likewise, defendants are not granted the right to direct counsel to pursue a certain defense. *See Dethman*, ¶ 19. Our review of the record makes clear that Lance and Schoenleben's attorney-client relationship broke down as a result of Lance's insistence Schoenleben defend his criminal convictions by collaterally attacking his decree of dissolution and the subsequent property sale. We have already concluded that Schoenleben's actions in refusing to pursue a meritless defense did not fall below the standard of reasonableness necessary to implicate *Strickland*. *Supra* at ¶ 7. The District Court did not err in granting Schoenleben's request to withdraw because evidence in the record demonstrates that Lance would not permit Schoenleben to effectively represent him.

¶12 A court may dismiss a petition for postconviction relief based on the petitioner's "failure to state a claim for relief." Section 46-21-201(1)(a), MCA. Here, the District Court did not err in dismissing Lance's petition for postconviction relief.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶14 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ DIRK M. SANDEFUR
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE