FILED

01/13/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0354

DA 25-0354

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 6N

IN RE THE MARRIAGE OF:

ROBERTA JEAN WHITE a/k/a ROBERTA
JEAN SCOBEE,

      Petitioner and Appellant,

  and

GEORGE HARRISON WHITE,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DR 17-1327
Honorable Rod Souza, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

        Roberta Scobee, Self-Represented, Shepherd, Montana

      For Appellee:

        Ryan A. Ballard, David L. Vicevich, Vicevich Law, Butte, Montana

           Submitted on Briefs:  December 24, 2025

                Decided:  January 13, 2026

Filed:

_____
Clerk

Justice Katherine Bidegaray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 This appeal arises from a long-running dissolution and post-decree enforcement matter in the Thirteenth Judicial District Court, Yellowstone County. The District Court entered a final decree of dissolution in December 2022, incorporating a property settlement and parenting plan to which the parties stipulated in open court. The decree resolved property division, parenting, and child support obligations.

¶3 In August 2024, Respondent and Appellee, George White, filed a verified motion for order to show cause alleging that Petitioner and Appellant, Roberta Scobee, had failed to pay court-ordered child support. Following notice and a hearing, the District Court entered an order on September 27, 2024, finding Scobee in contempt. The court permitted Scobee to purge the contempt by paying child support arrears of approximately $21,145 within 90 days and expressly advised that failure to purge would result in either incarceration or service on the Sheriff's Labor Detail.

¶4 Scobee did not purge the contempt. On April 23, 2025, following a further hearing, the District Court entered an order enforcing the previously announced sanction and

requiring Scobee to serve five days on the Sheriff's Labor Detail. Scobee filed a notice of appeal in May 2025.[1]

¶5 Scobee raises five issues, challenging: (1) the property division incorporated into the 2022 dissolution decree; (2) the parenting investigation the District Court relied upon in adopting the parenting plan; (3) alleged violations of due process and civil rights during the dissolution proceedings; (4) the April 23, 2025 contempt sanction order; and (5) whether the parenting plan is contrary to the children's best interests.

¶6 A district court's contempt determination and the imposition of sanctions are reviewed for abuse of discretion. *Marks v. First Judicial Dist. Ct.*, 239 Mont. 428, 430, 781 P.2d 249, 250 (1989); *In re Marriage of Stevens*, 2011 MT 124, ¶¶ 13, 15-16, 360 Mont. 494, 255 P.3d 154. A court abuses its discretion if it acts arbitrarily or exceeds the bounds of reason, resulting in substantial injustice. *Unidentified Police Officers 1 v. City of Billings*, 2019 MT 299, ¶ 7, 398 Mont. 226, 454 P.3d 1205.

¶7 Whether an issue is properly before the Court due to timeliness of appeal presents a question of law reviewed de novo. The existence of later post-decree enforcement proceedings does not revive appellate jurisdiction over issues resolved in a final dissolution decree. *Lance v. Lance*, 195 Mont. 176, 180-81, 635 P.2d 571, 574 (1981).

---

[1] Eighty-nine days after White filed and served his response brief and 6 days after this Court served on Scobee notice that her case was submitted for decision on briefing, Scobee filed a "Motion to Stay Enforcement of Child Support Pending Appeal." White opposed. Scobee's motion, as well as her arguments therein regarding child support calculations, are mooted by this Opinion.

**A. Reviewability of Issues Challenging the 2022 Decree and Parenting Orders**

¶8    Scobee's first, second, third, and fifth issues challenge matters resolved by the final decree of dissolution entered in December 2022, including property division, the parenting investigation, alleged constitutional violations during the dissolution proceedings, and the children's best interests as reflected in the parenting plan. The 2022 decree, which incorporated a property settlement and parenting plan stipulated to by the parties in open court, constituted a final, appealable judgment. Under M. R. App. P. 4, a notice of appeal must be filed within 30 days of entry of a final judgment. Scobee did not appeal that decree within the permitted timeframe.

¶9    Montana law does not permit a party to relitigate or collaterally attack final dissolution orders by appealing from a later enforcement or contempt order. *Accord Lance*, 195 Mont. at 180-81, 635 P.2d at 574; *see also Lockhead v. Lockhead*, 2013 MT 368, ¶ 13, 373 Mont. 120, 314 P.3d 915; *Donovan v. Graff*, 248 Mont. 21, 23-24, 808 P.2d 491, 492-93 (1991). Furthermore, child support obligations are independent; under § 40-4-208, MCA, a party may not withhold court-ordered child support as a form of "self-help" or protest regarding grievances over parenting time or property disputes. Accordingly, this Court lacks jurisdiction to review Scobee's challenges to the property division, parenting investigation, parenting plan, and alleged constitutional violations arising from the 2022 decree. These issues are not properly before the Court and will not be addressed.

**B. Timeliness and Scope of Review of the Contempt Sanction**

¶10    The only issue potentially before the Court is whether the District Court abused its discretion in enforcing contempt sanctions by order dated April 23, 2025. While contempt

4

orders are generally reviewable only by a writ of certiorari, § 3-1-523(2), MCA, and M. R. App. P. 6(3)(j) provide a specific exception allowing direct appeal of contempt orders in family law cases. *Accord Marriage of Stevens*, ¶¶ 15-16.

¶11 White argues the appeal is untimely because the operative order was the September 27, 2024 order adjudicating contempt. Even assuming, without deciding, that the April 23, 2025 enforcement order is independently appealable, Scobee has not demonstrated an abuse of discretion. Thus, whether the appeal is untimely or the order is reviewed on the merits, the result is the same.

### C. No Abuse of Discretion in Enforcing Contempt Sanctions

¶12 The record reflects that Scobee failed to pay court-ordered child support, was found in contempt following notice and a hearing, was provided 90 days to purge the contempt, and was advised of the consequences of failing to purge herself of the contempt. Scobee does not dispute making no payments during the purge period.

¶13 When Scobee failed to comply, the District Court enforced the previously announced contempt sanction. This sequence reflects deliberate and proportionate use of the court's contempt powers. The court acted with conscientious judgment, provided procedural due process, and imposed a non-incarcerative sanction in response to Scobee's noncompliance.

¶14 Scobee's challenges to the sanction rely on legally irrelevant grievances regarding the original 2022 proceedings. A party may not withhold court-ordered child support as a form of self-help or protest.

¶15 Furthermore, Scobee fails to present a reasoned argument supported by legal authority to demonstrate the District Court exceeded the bounds of reason. We will not consider unsupported issues or arguments. *See In re Marriage of Snow*, 2002 MT 143, ¶¶ 27-29, 310 Mont. 260, 49 P.3d 610; *Griffith v. Butte Sch. Dist. No. 1*, 2010 MT 246, ¶ 42, 358 Mont. 193, 244 P.3d 321. On this record, the District Court did not abuse its discretion.

**Conclusion**

¶16 The Court lacks jurisdiction to review Scobee's challenges to the 2022 dissolution decree, property division, parenting investigation, parenting plan, and alleged constitutional violations arising from those proceedings. To the extent the April 23, 2025 contempt sanction order is properly before the Court, the District Court acted within its discretion. The District Court's April 23, 2025 order is affirmed.

¶17 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This case presents a question controlled by settled law or by the clear application of applicable standards of review.

/S/ KATHERINE M. BIDEGARAY

We Concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE

6